## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

MARK WILLIAMS
ADC #141529                                                                    PETITIONER


VS.                              5:11CV00238 JLH/JTR


RAY HOBBS, Director,
Arkansas Department of Correction                          RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Mark Williams. Before addressing the merits of the Petition, the Court will review the procedural history of this case in state court.

On March 31, 2008, Petitioner entered a guilty plea, in Chicot County Circuit Court, to one count of rape. (Docket entry #12-1 at 1). He was sentenced to 420 months of imprisonment. *Id.* Thereafter, Petitioner did not pursue Rule 37 relief.

On December 14, 2010, Petitioner filed a state habeas corpus petition in Lincoln County Circuit Court.[1] (Docket entry #12-2). On March 8, 2011, the Lincoln County Circuit Court entered an Order dismissing the petition for failure to state a claim for relief. (Docket entry #12-3).

Petitioner sought review before the Arkansas Supreme Court, which dismissed the appeal prior to briefing. *Williams v. State*, 2011 Ark. 288, 2011 WL 2519117 (Ark. June 23, 2011). In its decision, the Court concluded that Petitioner had not stated a claim for state habeas relief, and, even if he had, he was required to first raise that claim in a timely Rule 37 petition filed in the trial court. *Id.*

On February 6, 2012, Petitioner initiated this § 2254 habeas action. (Docket entry #2). He argues that he is entitled to habeas relief because: (1) the prosecution never filed an "affidavit of probable cause;" (2) he was mentally incompetent and under the influence of medication when he entered his plea; (3) the trial court lacked jurisdiction; and (4) his guilty plea was coerced by the threat of a life sentence.

---

[1] Petitioner argued that his conviction was invalid because he requested, but never obtained, a "DNA test" to "prove his innocence." (Docket entry #12-2 at 2).

3

(Docket entry #2). Respondent argues that Petitioner's claims are procedurally defaulted or are without merit. (Docket entry #12).

On March 29, 2012, Petitioner filed a Motion requesting that this action be stayed so he could pursue a writ of error *coram nobis* in state court. (Docket entry #20). Respondent opposes a stay. (Docket entry #21).

On April 2, 2012, Petitioner filed a Petition for a Writ of Error *Coram Nobis* in Chicot County Circuit Court. (Docket entry #22 at 2-5). He argued that he was mentally incompetent at the time of his plea and thus his plea was not voluntary. In support of his claim, he cited: (1) his mental health treatment while in the ADC, which included prescriptions for psychotropic medications; and (2) his receipt of social security disability benefits because he allegedly was "non compos mentis."

On August 3, 2012, this Court entered an Order (docket entry #24) advising Petitioner that his § 2254 Petition appeared to be untimely. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (habeas statute of limitations may be raised *sua sponte* if the parties are provided "fair notice and an opportunity to present their positions"). Accordingly, the Court directed the parties to file briefs addressing the timeliness of the Petition, and whether any tolling was applicable. The parties have since filed their briefs addressing the statute of limitations issue. (Docket entries #27 and #30).

On January 8, 2013, the Chicot County Circuit Court entered an Order denying

Petitioner *coram nobis* relief. (Court's Ex. A, attached hereto). The trial court based its decision on: (1) a forensic psychological evaluation that concluded Petitioner was mentally competent; (2) Petitioner's statements in his plea colloquy; and (3) the fact Petitioner had never challenged the findings of the psychological examination prior to entry of his plea. *Id.* On January 13, 2013, Petitioner filed a Notice of Appeal. (Court's Ex. B attached hereto).

For the reasons discussed below, the Court concludes that: (1) Petitioner's Motion to Stay should be denied; and (2) the Petition for a Writ of Habeas Corpus is untimely and should be dismissed, with prejudice.

## II. Discussion

### A. Motion to Stay

The United States Supreme Court has held that, under the AEDPA, a district court has discretion to "stay and abey" a mixed habeas petition of exhausted and unexhausted claims, while a petitioner returns to state court to exhaust his unexhausted claims. In *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court explained that habeas petitions may be stayed, rather than dismissed, "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."

Petitioner requests a stay to exhaust his *coram nobis* claim in state court. As indicated earlier, he has filed a Notice of Appeal from the denial of *coram nobis* relief in the trial court, and the time is currently running for him to lodge the record with the Arkansas Supreme Court.

Despite the pendency of his *coram nobis* appeal, the *Rhines* factors do not weigh in favor of a stay in this case. First, Petitioner has not established any good cause for waiting four years after the entry of his guilty plea before finally filing his *coram nobis* claim in state court.[2] Second, nothing in Petitioner's arguments or in the record gives any credence to his claim that he was mentally incompetent when he entered his guilty plea. Finally, because this habeas action is itself untimely, a stay would only serve to needlessly delay the disposition of this case.

Accordingly, the Court recommends that Petitioner's Motion to Stay (docket entry #20) be denied.

## B. The Applicable Statute of Limitations Bars This Habeas Action

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a federal habeas petition must be filed within one year of the date on which the state

---

[2]Under Arkansas law, there is no statute of limitations for filing a writ of *coram nobis*. However, a petitioner is required to "demonstrate due diligence in making application for the writ[.]" *Lee v. State*, 2012 Ark. 401, 2012 WL 5304086 (Ark. 2012) (per curiam).

"judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The running of the statute of limitations, for purposes of § 2244(d)(1)(A), "is triggered . . . by the conclusion of all direct criminal appeals in the state system . . . . " *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

Petitioner had no right to appeal his unconditional guilty plea. *See* Ark. R. App.— Crim. 1(a); Ark. R. Crim. P. 24.3. Therefore, his conviction was "final" on March 31, 2008, the date the trial court entered the Judgment and Commitment Order. (Docket entry #12-1 at 2). The next day, on April 1, 2008, the statute of limitations was triggered. One year later, on April 1, 2009, the statute of limitations expired. Petitioner filed his Petition on September 12, 2011, some two and a half years after the expiration of the statute of limitations.

Statutory tolling is not applicable in this case because Petitioner did not file any state court postconviction motions until *after* the statute of limitations had expired. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (pendency of state post-conviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period).

Nonetheless, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, it may be subject to equitable tolling. *See Holland v. Florida*, 130

7

S. Ct. 2549, 2560 (2010). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Nelson v. Norris*, 618 F.3d 866, 893-93 (8th Cir. 2010) (*quoting Holland*, 130 S. Ct. at 2562) (internal quotations omitted).

Petitioner argues that he is entitled to equitable tolling because of his *pro se* status and an unspecified "mental defect" that interfered with his ability to timely file this habeas case. (Docket entry #27). As to Petitioner's *pro se* status, the Eighth Circuit has explicitly held that a petitioner's *pro se* status, lack of legal knowledge or resources, or any confusion about the federal limitations period or state post-conviction law does not justify equitable tolling. *See, e.g.*, *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (no equitable tolling due to delayed receipt of case file, *pro se* status, lack of access to legal materials and limited time in library); *Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004) (no equitable tolling due to the petitioner's misunderstanding of state post-conviction procedures, *pro se* status, lack of legal knowledge or legal resources).

The Eighth Circuit has recognized that a habeas petitioner's "mental impairment can be an extraordinary circumstance interrupting the limitation period," if the impairment is of sufficient "degree and duration." *Nichols v. Dormire*, 11 F.

8

App'x 633, 634 (8th Cir. 2001).

Prior to the entry of his guilty plea, Petitioner underwent a forensic psychological examination. (Docket #26, Resp. Ex. 5). The psychologist concluded that Petitioner had the mental capacity to understand the proceedings and assist his defense, and did not have a mental disease or defect at the time of the alleged crime. *Id.* Among other things, the psychologist administered a test that confirmed that Petitioner was malingering in his responses. *Id.* Furthermore, Petitioner's mental health treatment records from the ADC do not indicate that he had a mental impairment that was so severe that it would have somehow prevented him from timely filing a habeas Petition.[3] (Docket entry #26, Resp. Ex. 6). During the relevant time period, while the statute of limitations was running, Petitioner participated in regular mental health counseling, indicated that he was working on "clemency papers," and demonstrated the ability to complete paperwork requesting such things as changes in work assignments and participation in anger management class. *Id.*

Finally, Petitioner makes the conclusory assertion that he is "actually

---

[3]While Petitioner takes psychotropic medications for a diagnosis of "psychotic disorder NOS," he also has been diagnosed a malinger. *See* Docket entry #26, Resp. Ex. 6, May 30, 2008 psychiatric note that Petitioner's report of hallucinations was of "questionable quality" because he did not "evidence any delusion or disorganized thoughts" and March 27, 2009 counseling note stating that Petitioner threatened suicide if he did not receive a barracks change but that he appeared to be "using methods for secondary gain").

innocent." However, he fails to come forward with any factual or legal arguments that would support equitable tolling, especially in light of his guilty plea. *See Flanders v. Graves*, 299 F.3d 974, 977-78 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003) (actual innocence may be relevant to equitable tolling where a petitioner shows some action or inaction on respondent's part that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations); *McCall v. Benso*n, 114 F.3d 754, 758 (8th Cir. 1997) (noting that the habeas petitioner had not attempted to invoke actual innocence but that "in light of his guilty plea, such an attempt would be unpersuasive").

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Petitioner's Motion to Stay (docket entry #20) be DENIED, and that the Petition for a Writ of Habeas Corpus (docket entry #2) be DISMISSED, WITH PREJUDICE.  IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 23rd day of January, 2013.

_____

UNITED STATES MAGISTRATE JUDGE

IN THE CIRCUIT COURT OF CHICOT COUNTY, ARKANSAS

**MARK WILLIAMS**                                                      **PETITIONER**

**VS.**                              **CR 2007-60-4**

**STATE OF ARKANSAS**                                            **RESPONDENT**

<u>ORDER</u>

Petitioner, Mark Williams, was charged by Information with Rape on August 31, 2007. By forcible compulsion, it alleges he engaged in sexual intercourse or deviate sexual activity with another person, C. W., who is incapable of consent because of her physically helpless, mentally defective or is mentally incapacitated. The offense is a Class Y Felony punishable by imprisonment 10 to 40 years of life.

A forensic evaluation was performed on September 22, 2007 which concluded that petitioner had the capacity to understand the legal proceedings against him and the capacity to assist effectively in his own defense at the time of the examination. The evaluation also concluded that his diagnoses was, AXIS 1:  Polysubstance abuse and AXIS II:  deferred.

The evaluation summarized that, at the time of the alleged conduct, should the fact finder conclude that petitioner committed the charged offense:

1.  He did not have mental disease or mental defect.
2.  He had the capacity for the culpable mental state that is an element of the charged offense.
3.  He had the capacity to appreciate the criminality of his own conduct.
4.  He did have the capacity to conform his conduct to the requirements of the law.

The official account of the offense revealed that the victim, age eighty one year old, is petitioner's grandmother who has Alzheimer's and is incapacitated. She rarely



1

speaks and is in a wheelchair. The victim lives with her husband, the daughter (Aunt Irma) and two grandsons. The daughter, Irma, is the primary caregiver. Irma said she left the home to go shopping at about 6:00 p.m. She put her mother in the front room of the house in a recliner while the father was in the back room. Upon returning, Irma saw that her mother was not in her chair in the living room and she heard hollering coming from the bedroom. Irma went back to the end of the hall to see what was happening. She opened the door to find Mark Williams on top of his grandmother raping her. The grandmother was yelling and crying out and did not have any clothes on. Irma told the suspect she was going to call the police. Petitioner threatened her and she left and called the police. Upon arrival, the police officers found the suspect under the house hiding. He would not come out and they sprayed him with pepper spray. He then came out, resisted and was subdued. The victim was taken to the hospital and the witness gave a recorded statement.

Petitioner's account of the offense: "My aunt did not leave by herself to go shop. She shopped at 11:30 that morning. At 6:00 p.m., Irma was smoking dope down at her friend's house. I was getting ready to go back to Mississippi for the weekend when they came back and put me in the car and sprayed me. When they put me in the car, she was up on the steps laughing. My grandmother was not raped. Irma wanted more of my check and I kept giving her more and she kept wanting more and then she got mad at me because I wouldn't give her more. She then told me how she was going to get me locked up." (See C Ex #1 forensic evaluation, attached hereto and incorporated herein)

On March 31, 2008, petitioner pled guilty as charged. During the plea, petitioner admitted the following:

2

1. That his attorney and the prosecutor had reached a plea agreement which met his approval.
2. That he had discussed the case thoroughly with his attorney and he was satisfied with the manner his attorney had represented him.
3. He stated he just turned thirty years old last year and had completed the 10th grade.
4. He acknowledged he understood the maximum and minimum penalty and the nature of the charges.
5. He knew what a jury trial was and chose not to have his case tried by a jury.
6. When asked what happened by the Court's he responded: Well, that day I was on drugs and I just got out of hand. Cause I stole one pill and my medication was gone. On Delta Counseling, I never did go back. I just started doing drugs and got out of hand with it. I forced myself on her to have sex with her. When asked, how do you plead to this charge, petitioner responded: Guilty. When asked by the Court: You desire for me to accept this plea, Mr. Williams. He responded, yes sir. When asked by the Court: Do you consider this plea to be in your best interest? Petitioner responded, yes sir. (See C-2 Williams' plea taken 3-31-2008 incorporated herein).

On June 1, 2012, Petitioner filed a Petition for Writ of Error Coram Nobis. C-Ex #3). In his petition, petitioner asserts that he was incompetent at the time of his guilty plea hearing. Thus, his plea was not voluntary, intelligently and knowingly entered. Petitioner alleges that his incompetency has continued to this date. There was insanity at the time of the guilty plea hearing which makes his guilty plea coerced.

The Writ should be denied.

The function of a Writ of Error Coram Nobis is to secure relief from a judgment rendered while there existed some fact which would have prevented its rendition, if the fact had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of judgment. Cloird v. State, 357 Ark. 446, 182 S.W. 3d 477 (2004).

The Writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. Pitts v. State, 336 Ark. 580, 986 S. W.

3

2nd 407 (1999)(per curiam). The Arkansas Supreme Court has said that a Writ of Error

Coram Nobis was available to address errors that are found in one of the four categories:

(1) insanity at the time of trial; (2) a coerced guilty plea; (3) material evidence withheld

by the prosecutors; or (4) a third party confession to the crime during the time between

conviction and if a notice of appeal has been filed in the case in the appellate court,

before the appellate court renders its decision on appeal. Pitts, supra.

Petitioner's claim fall within the category of insanity. He further argues that

because he was insane at the time the plea was taken, he concludes that the plea was

coerced.

To determine if a petition is meritorious, a Court looks to the reasonableness of

the allegations of the petition and to the existence of the probability of the truth thereof.

Flanagan v. State, 210 Ark. 140. Although there is no specific time limit for seeking a

Writ of Error Coram Nobis, due diligence is required in making an application for relief.

Martin v. State, 2010 Ark. 164. In the absence of a valid excuse for the delay, the

petition must be denied. Due diligence requires that (1) the petitioner be unaware of the

fact that would have prevented rendition of the judgment if it had been known to the

circuit court at the time of the trial; (2) petitioner could not have, in the exercise of due

diligence, prevented the fact at trial; and (3) petitioner, after discovering the fact, did not

delay bringing the petition. Buckley v. State, 2010 Ark. 164. The requirements are a

sequence of evidence, each of which a petitioner must show to prove due diligence.

Flanagan, Supra.

Petitioner asserts "insanity" as the fact which existed at the time of his plea,

which would have prevented a finding of guilt had it been know by the trial court. In

4

support of his argument, he alleges in his petition that he has been a recipient of social security disability benefits from 1993 until 2007 at the time of his incarceration; through the duration in prison for his conviction of rape, he has been under care of psychiatric doctors and mental health counselors and has been treated with medications including benzropine, naldol and geodon; that the strength of the medication(s) makes him sleep all the time and rob him of his conic abilities.

Obviously, most of these factors petition refer to were determined after his plea of guilty. Further, they do not support a finding of insanity inasmuch as the qualification of the persons making such allegations of fact is unknown. Whereas, Charles Spellmann, Licensed Psychologist, whom the Court has personal knowledge of his qualifications and has testified as an expert in court on numerous occasions concluded that petitioner was competent to stand trial and effectively assist in his own defense.

For the above reasons, the court finds the petition is without merit. The issues raised in the petition had been addressed prior to the plea in the forensic evaluation administered on September 22, 2009. Petitioner had an opportunity to contest the findings and conclusion in the forensic evaluation that petitioner was competent at the time his plea was taken. Therefore the petition for Writ of Error Coram Nobis should be denied.

SO ORDERED, this 13th day of December, 2012.

_____
HONORABLE DON E. GLOVER

cc: Thomas Deen
Mark Williams



FILED

JAN 08 2013

AT 10:00 am
JOSEPHINE GRIFFIN
BY Virginia Moore
BOOK 2013 PAGE 6

5

800-42

IN THE CIRCUIT COURT OF *Chicot* , COUNTY, ARKANSAS

*CRIMINAL* DIVISION

*MARK Williams*                                    PETITIONER

VS.                              NO. CR *2007-60-4*

STATE OF ARKANSAS

                                            PLAINTIFF

## NOTICE OF APPEAL

Notice is hereby given that *MARK Williams* , ADC

# *141529*, appeals to the Supreme Court of Arkansas from the final Order of the Circuit

Court of *Chicot* , County, entered on *December 13th*

20 *12* .

## APPELLATE JURISDICTION

The appellate jurisdiction of the Supreme Court or the Court of Appeals is invoked pursuant to Rule 2, Rules of Appellate Procedure – Criminal.

## DESIGNATION OF RECORD

Petitioner/Appellant hereby designates the entire record, and all proceedings, exhibits, evidence, and documents introduced in evidence to be contained in the record on appeal.

## CERTIFICATE OF ORDER OR TRANSCRIPT

Petitioner/Appellant states, that for good cause shown, he/she has requested the Circuit Court to cause the Transcript of the Designated Record of Appeal, deemed essential, to be ordered, certified, transmitted to the Clerk of the Supreme Court for filing and docketing. (See attached Petition for Leave to Proceed In Forma Pauperis with supporting affidavit.)

_____
PETITIONER/APPELLANT
ADC # *141529*
_____ UNIT
Arkansas Department of Correction

Filed in Chicot County, AR 1st day of
*Jan* 20 13 at *9:00*          *Grady* , AR *71644 0500*
Josephine Griffin, Circuit Clerk
By *Virginia Moore* DC

B